## DAGGETT *v.* ADAMS.

The fraudulent purchaser of the goods of a judgment-debtor has no right to contest the regularity of the doings of an officer, who has seized them as the goods of the debtor, by virtue of an execution against him.

If an officer, in the service of an execution, conduct irregularly, yet if the goods taken in execution be fairly sold, and the proceeds be applied in payment of the execution on which they were sold, the officer is responsible to the debtor for nominal damages only.

But if, by the officer's misconduct, the goods were sold under their fair value, he is responsible for the difference between the fair value and the amount of sales.

*Trespass de bonis asportatis.* The defendant pleaded the general issue, and filed a brief statement pursuant to *Stat.* 1792. *ch.* 41. therein alleging in justification, that he was a deputy sheriff of this county, and that having in his hands three several executions, in favour of several creditors, against one *James Daggett,* by virtue thereof he took and sold the hay mentioned in the declaration, as the property of said *James.*

At the trial the plaintiff, *Samuel Daggett,* objected to the admission of the executions and of the returns thereon, in evidence, there being divers irregularities in the returns; but the Judge who presided at the trial, reserving the consideration of the sufficiency of the returns, overruled the objection.

The plaintiff then read a bill of sale under seal, from *James Daggett* to him, conveying the hay in question, together with his stock of cattle and sundry other chattels; the validity of which conveyance the defendant impeached, by testimony, shewing it to be fraudulent—and upon this evidence the Judge instructed the jury that the cause depended on the question whether there was fraud or not, in the conveyance to the plaintiff; and that if the conveyance was fraudulent, the plaintiff had no right to look into the officer's proceedings at all, and their verdict must be for the defendant;—and they found for the defendant accordingly.

The plaintiff then filed a motion for a new trial, for the following reasons :——viz.—1. because the defendant's plea was a special plea ; and having failed in that, he ought not to have availed himself of any other defence under the general issue :——

Daggett *v.* Adams.

2. because his proceedings under the executions not being agreeable to law, the defendant was a trespasser *ab initio*, and so had no right to impeach the plaintiff's title.

*Sheppard*, in support of the motion, argued at some length that the general issue, with a brief statement, is in the nature of a special plea; and cited among other authorities, 1 *Chitty on Pleading* 496. *Co. Lit.* 283. *a. Millman v. Dolwell,* 2 *Campb.* 378. *Vaughan v. Davis,* 1 *Esp.* 257. *M'Farland v. Barker,* 1 *Mass.* 153. *Bangs v. Snow,* 1 *Mass.* 181. *Jackson v. Stetson,* 15 *Mass.* 48.

The defendant, then, having by his plea admitted the taking of the goods out of the plaintiff's possession, in which they rightfully were, he is a trespasser *ab initio*, unless he has made out a perfect justification, by pursuing strictly the requisites of law, in the taking and disposal of the property. If he would have contested the fairness of the plaintiff's title in its origin, he should have done this under the general issue. But this defence he has voluntarily waived, by setting up a right to take, under the authority of law, and to this justification, the books explicitly agree, he must be confined. But the Judge having admitted the defendant to depart entirely from his special plea in bar, and to rest his defence on other grounds, there ought, for this reason, to be a new trial.

*Bailey and Thayer,* against the motion.

If the general issue with a brief statement, is to be treated as a special plea, the beneficent purposes of the statute enabling officers to adopt this mode of defence will be totally defeated. But that they are not so to be treated, is evident from the statute itself, 1792. *ch.* 41. which gives the right to file a brief statement, *or* to plead specially.

But it is not material to determine this question, because the verdict having found the transfer of the goods to the plaintiff to be fraudulent, the plaintiff himself, and not the defendant, is the wrong doer, in attempting to place the effects of the judgment debtor beyond the reach of the process of law.

Mellen C. J. delivered the opinion of the Court.

In this action the plaintiff complains that the defendant has violated his rights, in seizing and carrying away certain

Daggett v. Adams.

articles of personal property alleged to belong to him.—The defendant pleads the general issue, and, in the brief statement filed in the case, states that he, being a deputy-sheriff, by virtue of certain writs of execution, took and disposed of said articles as the property of *James Daggett.*—The plaintiff claims under a sale from him.—The defendant contends that the sale is void on the ground of fraud ; and that, representing several of the creditors of said *James Daggett,* he had a right to seize the property to satisfy said executions. The Jury have decided the sale to be fraudulent and that the property, when seized, belonged to *James Daggett.*

The plaintiff's counsel still contends, that the proceedings of the defendant in the sale of the property, appears, by the returns on said executions, to be irregular and illegal ;—that he could not justify his own conduct by a special plea of justification, nor by the mode of pleading adopted in this case; and that of course he has no legal right to contest the fairness of the sale to the plaintiff.—In short, that he must be considered as a *mere stranger,* violating the plaintiff's possession.

Several irregularities appear in the defendant's returns on the executions ; but the question is, whether the plaintiff has any right to complain of them ; as the verdict has determined the question of property, and negatived all pretence of claim on his part.

The counsel for the plaintiff, with commendable assiduity and attention, has collected and cited numerous authorities, to shew that the general issue, with a brief statement, is, in essence, the same as a special plea of justification, and that, in the present case such justification could not be supported by the facts. However applicable and pertinent those authorities may be, in support of the principle assumed by the counsel; still, in the view we take of the cause, it is not deemed necessary particularly to examine them.

It does not appear to us that, in the present case, any special plea of justification, or brief statement, is required by the statute of 1792, *ch.* 41. The general issue denies that the defendant has been guilty of taking the plaintiff's property.—The defence proceeds on the ground that this property belonged to *James Daggett* and that the defendant had legal authority to

Daggett v. Adams.

take *his* property.—The verdict establishes the truth of the plea.—But when a *debtor*, from whom property has been taken by an officer on mesne process or execution, sues such officer for such taking, a *mere general issue* would not be sufficient; because proof of property in the plaintiff and of a taking by the defendant would maintain the action.—If, therefore, in such case, the defendant claims a right to take away and dispose of the property, he must either set forth that right in the form of a *special plea* of justification, or accompany the *general issue* with a *brief statement*, which must contain, though in a less formal manner, the nature of his authority and the manner in which he has exercised it.—This is a good substitute for a plea in bar.—In cases of this description, if the officer has conducted irregularly, he stands responsible in damages to the debtor, whose property he has illegally disposed of.—However, even in such cases, if it should appear that the property has been fairly sold, and the proceeds applied in payment of the execution on which they were sold, nominal damages only could be recovered. And if, by the officer's misconduct, the property was sold under its fair value, then damages should be given equal to the difference between the fair value and the amount of sales.—In this manner the rights of the *true owner* are protected; and *his* rights only require protection. The *fraudulent* purchaser *has no rights*, as against the creditors of his vendor.

In an action of replevin, it is not necessary for the defendant, who is an officer, to make an avowry, and to set forth all his authority particularly, in the seizure and detention of the property. He needs do nothing more than allege property in the man whom he considers the true owner, and *deny the plaintiff's* property and pray a return. In the trial of a cause when *this is the plea*, the plaintiff opens, and offers the evidence of his title;—for example, a sale from *J. D.* :—The defendant then shews that he was an officer, and that he, by virtue of a legal precept in favour of a creditor of *J. D.* took the property; and thus, representing such creditor, he has a right to contest the validity of the sale under which the plaintiff claims.—The plea of *non cepit*, with leave to give special matter in evidence, mentioned by the plaintiff's counsel, was condemned as inconsistent.—It would be absurd to *deny the taking*, and *pray a return*.

In the case at bar, the defendant proceeded in the same manner as would be proper in replevin, where the plaintiff's right is traversed. The defendant proved his authority to *seize* and *dispose* of the property in question, as the property of *James Daggett;* and he proved, to the satisfaction of the Jury, that it *was his.* Surely then, he had a right to *seize* it though in the plaintiff's possession. If, in the *disposal* of the same, he has not proceeded according to the directions of the statute in such cases, and any injury has been sustained, he stands answerable to *James Daggett*, and not to the plaintiff.—We therefore think the opinion and directions of the Judge who presided at the trial are correct.

We have been thus particular in giving the reasons of our opinion, from a desire to render the proper course of proceedings in similar cases more known and understood and to introduce uniformity of practice. The motion for a new trial is overruled, and there must be

*Judgment on the verdict.*